NARCISO FLORES, Plaintiff and Appellant, *v.* UNKNOWN HEIRS OF JOSÉ FALCÓN-SÁNCHEZ, Defendants and Appellees.

No. 3629. Argued November 4, 1925.—Decided March 3, 1926.

*Antonio L. López* for the appellant. *Vicente Rodríguez Ortiz* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

Casto García signed and acknowledged before a notary public a promissory note for $500 payable to the order of José Falcón Sánchez on June 30, 1921, and the note bears the following endorsements: "Pay to the order of Felipe Flores Alvarez, value understood—with my responsibility.—Caguas, September 23, 1920.—José Falcón Sánchez." "Pay to Narciso Flores, value of said amount.—Felipe Flores."

In 1924 Narciso Flores brought an action against the unknown heirs of José Falcón Sánchez to recover the $500, with legal interest from the first of July of 1921 and the

costs, alleging that José Falcón Sánchez died in 1923 and that neither he nor any person had paid him the said amount and that he was the sole owner and holder of the said obligation. He copied the note into his complaint and attached thereto the original instrument.

Ignacia Flores entered appearance in the action as the widow of José Falcón Sánchez and for herself and in the names of her five children she filed an answer to the complaint in which they admitted that the obligation was signed by Casto García and acknowledged by him before a notary, but denied that the endorsement made by José Falcón Sánchez transferred the obligation to Felipe Flores; that it was afterwards duly endorsed to Narciso Flores, or that Flores was the sole owner and holder of the note.

Judgment was rendered for the defendants and this appeal was taken, its first ground being that the lower court erred in not striking out the answer to the complaint.

At the beginning of the trial the plaintiff moved that the answer be stricken out on the ground that, as the obligation sued on was copied into the complaint, the genuineness of its execution should be considered admitted under section 119 of the Code of Civil Procedure because the answer was not verified. The trial court rendered judgment without deciding that question, but the answer should not have been stricken out for the reason that although it expressly admitted the execution of the instrument, it was denied that the endorsements thereon transferred title to it, and that denial had not to be verified because the section cited refers to the genuineness and execution in due form of the instrument, but not to something posterior to its execution such as the endorsements.

The second ground of appeal is that the lower court erred in not rendering judgment against persons other than the appellees.

At the trial it was shown that there were other children

of José Falcón who did not appear in the action, but from the record it does not appear that their default was entered or that judgment was prayed for against them, wherefore that assignment of error is without merit.

■ -Infringement of paragraphs 19, 20, 21 and 22 of section 102 of the Law of Evidence is alleged as the last ground of appeal. In those paragraphs the following presumptions are established: That private transactions have been fair and regular; that the ordinary course of business has been followed; that a promissory note or bill of exchange was given or endorsed for a sufficient consideration; that an endorsement of a negotiable promissory note or bill of exchange was made at the time and place of making the note or bill. But all of those presumptions are *juris tantum* and consequently may be overthrown; therefore the lower court did not infringe them in holding that the first endorsement was without consideration because it was shown to have been made for value understood, a question which is not assigned as error.

The grounds set up for reversal of the judgment having been decided against the appellant, the judgment must be affirmed.